IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TEUCRIUM TRADING, LLC, | § | |
| | § | No. 251, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Court of Chancery |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. 2022-1030 |
| DALE RIKER and BARBARA | § | |
| RIKER, | § | |
| | § | |
| Plaintiffs Below, | § | |
| Appellees. | § | |

Submitted:  July 12, 2023
Decided:    July 25, 2023

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the amended notice of interlocutory appeal and its exhibits, it appears to the Court that:

(1)   In 2020, the appellant, Teucrium Trading, LLC ("TTL"), filed suit against Dale and Barbara Riker, former TTL officers, in the Court of Chancery ("the Plenary Action").  The Rikers then demanded that TTL advance certain fees and expenses the Rikers had incurred and would continue to incur in connection with the Plenary Action, relying on advancement rights granted in TTL's Amended and Restated LLC Agreement.  When TTL refused to advance fees and expenses as requested, the Rikers filed the underlying advancement action in the Court of

Chancery. On June 13, 2023, the Court of Chancery issued a bench ruling granting summary judgment to the Rikers, finding that they had demonstrated their entitlement to mandatory advancement under the LLC Agreement as a matter of law and that they were entitled to fees on fees ("the Ruling"). The Court of Chancery instructed the parties to meet and confer regarding any remaining allocation disputes or specific disagreements about time entries and directed any outstanding issues to be resolved under the *Fitracks* process. TTL timely moved to certify the Ruling for interlocutory review under Supreme Court Rule 42. The Rikers opposed that application.

(2) On July 7, 2023, the Court of Chancery denied TTL's application.[1] The Court of Chancery accepted TTL's assertion that the Ruling decided a substantial issue of material importance—a threshold consideration under Rule 42[2]—because it resolved the underlying question of liability for advancement on each claim for which the Rikers sought advancement. But the Court of Chancery concluded that none of the Rule 42(b)(iii) factors TTL cited—specifically, factors A (the Ruling decided an issue of first impression in the State), B (the Ruling conflicts with other trial court decisions), G (interlocutory review may terminate the litigation), and H

---

[1] *Riker v. Teucrium Trading, LLC*, 2023 WL 4411609 (Del. Ch. July 7, 2023).
[2] Del. Supr. Ct. R. 42(b)(i).

2

(interlocutory review would serve the considerations of justice)—supported interlocutory review.

(3) First, the court held that the Ruling did not decide an issue of first impression but rather applied straightforward and well-settled principles of contract interpretation to the LLC Agreement and the Plenary Action. Second, the Court of Chancery concluded that TTL had not identified any trial court decision that squarely conflicted with the Ruling. Third, the Court explained that a successful interlocutory appeal would not terminate the litigation because TTL still would be responsible for advancement on the claims not challenged in TTL's motion for summary judgment, and the *Fitracks* review procedure therefore would continue regardless. Fourth, the Court of Chancery ruled that interlocutory review would not serve considerations of justice because Delaware public policy favors prompt advancement. Finally, the Court of Chancery found that there was nothing exceptional about the Ruling and the uncertain benefit from interlocutory review was outweighed by the associated costs.

(4) We agree with the Court of Chancery that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the Court's sound discretion.[3] In the exercise of its discretion and giving due weight to the Court of Chancery's analysis, the Court has concluded that the application for

---

[3] Del. Supr. Ct. R. 42(d)(v).

3

interlocutory review does not meet the strict standards for certification under Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Ruling do not exist,[4] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[5]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal be REFUSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[4] Del. Supr. Ct. R. 42(b)(ii).
[5] Del. Supr. Ct. R. 42(b)(iii).